*Wilson* and *Miller* for plaintiff. *Ridgely* and *Bayard* for defendant.

## HOOPER'S LESSEE v. WILLIAMS et al.

Court of Common Pleas. Sussex. November 1796.

*Bayard's Notebook, 165.*†

---

\* This case is also reported in *Wilson's Red Book, 138.*

† This case is also reported in *Wilson's Red Book, 140,* and *Rodney's Notes,* Nov., 1796.

Coram JOHNS and RODNEY, JUSTICES.

The Court being divided upon an objection to the competency of a piece of evidence—they ruled that in consequence it went to the jury, JOHNS, J., saying that the evidence went of course, and therefore the objection not being supported there was nothing to prevent the evidence being made use of. (NOTE. This point was differently ruled during the same term in New Castle by Bassett, C. J., and Rodney, J., on the authority of *Jones and White,* Str. 68 in case of [——] [1]).

The counsel for the defendant offered in evidence depositions taken under a commission from the Court of Chancery to prove boundaries. They were objected to on two grounds: first, that they were taken only by two commissioners, whereas the Act of Assembly [1 Del.Laws 339] having given the power to three, generally they could not be taken by two; second, that the notice required by the Act did not appear to have been given.

It was answered that a just construction of the Act gave a power to two commissioners to take the depositions, but, at any rate, whatever validity belonged to the objections, they could not avail at present because the depositions having been returned to the Court of Chancery and accepted, here everything was to be presumed there to have been regularly done.

PER CURIAM. The objections are too late. The depositions are now records of the Court of Chancery, and it does not belong to us to say they are informal or irregular.

Depositions admitted.

*Miller, Peery,* and *Bayard* for plaintiff. *Wilson, Ridgely,* and *Fisher* for defendant.